# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

QUINTIN WASHINGTON, )
)
Plaintiff, )
)
v. )   Case No. CIV-25-1396-D
)
PCI MUNICIPAL SERVICES, LLC; and )
PARKING CONCEPTS, INC., )
)
Defendants. )
)

## ORDER

Before the Court is Defendant, Parking Concepts, Inc.'s (PCI), Motion to Dismiss [Doc. No. 10]. Plaintiff, Quintin Washington, filed a response [Doc. No. 11], and PCI filed a reply [Doc. No. 12]. PCI seeks dismissal under FED. R. CIV. P. 12(b)(6).[1] The matter is fully briefed and at issue.

## FACTUAL BACKGROUND

Plaintiff, an African American male, alleges employment discrimination and termination of his employment based on race. In his Complaint [Doc. No. 1], Plaintiff alleges he was employed by PCI Municipal Services (PCIMS) from approximately April 2024 to October 2024. *Id.* at ¶ 10. Plaintiff further alleges PCI provided human resources services to PCIMS. *Id.* at ¶ 3. Plaintiff alleges that he was placed on an extended

---

[1] PCI also cites to Rule 12(b)(1) and (2), but PCI raises no jurisdictional issues. *See Fort Bend Cnty., Texas v. Davis*, 587 U.S. 541, 551 (2019) ("Title VII's charge-filing requirement is a processing rule, albeit a mandatory one, not a jurisdictional prescription delineating the adjudicatory authority of courts.").

1

probationary period, and that he was not provided necessary training, unlike other employees holding the same position who were not African American. *Id*. at ¶¶ 16, 20.

PCIMS later changed his position from salaried to hourly status and initially denied his request for backpay. *Id*. at ¶¶ 21, 22. Plaintiff alleges the reasons PCIMS provided for changing his compensation structure were pretextual and motivated by racial discrimination. *Id*. at ¶ 24. Following a meeting with PCIMS, Plaintiff's pay was increased and he was given ninety days of backpay. *Id*. at ¶ 28. Plaintiff alleges that after this meeting, PCIMS instructed other managers to monitor Plaintiff's conduct and report back to management. *Id*. at ¶ 29. After requesting time off, Plaintiff was terminated from his employment. *Id*. at ¶¶ 30, 32.

In his Complaint, Plaintiff asserts claims for racial discrimination and retaliation, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq*. (Title VII); Oklahoma's Anti-Discrimination Act, OKLA. STAT. tit. 25, § 1101 *et seq*. (OADA); and the Civil Rights Act of 1866, 42 U.S.C. § 1981 (§ 1981).

**STANDARD OF DECISION**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The Court will accept as true all well-pled factual allegations and construe them in the light most favorable to the non-movant. *Peterson v. Grisham*, 594 F.3d 723, 727 (10th Cir. 2010).

A complaint "attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," but it does need "more than labels and conclusions." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). A complaint must "contain sufficient

factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

In some circumstances, matters outside the complaint can be considered under Rule 12(b)(6). *See Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010); *see also Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002) ("In addition to the complaint, the district court may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity."). Here, PCI has submitted a copy of Plaintiff's EEOC Charge of Discrimination [Doc. No. 10-1]. Because the charge was referenced in Plaintiff's Complaint [Doc. No. 1, at ¶¶ 7-8], is central to Plaintiff's claims,[2] and the authenticity of the charge is unchallenged, it is proper for consideration without converting the Rule 12(b)(6) motion to a motion for summary judgment.

### DISCUSSION

PCI argues Plaintiff failed to exhaust his administrative remedies because he did not name it in his EEOC charge. PCI further contends the Complaint fails to allege facts sufficient to state a claim against it. [Doc. No. 10 at 2]. Plaintiff argues PCI did not need to

---

[2] Judges of this Court routinely find EEOC charges to be central to a plaintiff's employment discrimination claims. *See Jenkins v. CACI Int'l Inc.*, No. CIV-21-501-F, 2021 WL 4887983, at *2 (W.D. Okla. Oct. 19, 2021); *Boyle v. Fed. Express Corp.*, No. CIV-21-117-G, 2022 WL 983662, at *2 n.1 (W.D. Okla. Mar. 30, 2022); *Knight v. City of Okla. City*, No. CIV-24-824-G, 2025 WL 2793345, at *6 n.5 (W.D. Okla. Sept. 30, 2025).

be named in the EEOC charge and that PCI's motion to dismiss does not establish that his pleading fails to state a claim upon which relief may be granted. [Doc. No. 11 at 3].

## I.      Failure to Exhaust Administrative Remedies

Title VII makes it unlawful "to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race[.]" 42 U.S.C. § 2000e–2(a)(1). Similarly, the OADA makes it a discriminatory practice for an employer "[t]o fail or refuse to hire, to discharge, or otherwise to discriminate against an individual with respect to compensation or the terms, conditions, privileges or responsibilities of employment, because of race[.]" OKLA. STAT. tit. 25, § 1302(A)(1). Claims under the OADA are evaluated using the same standards as claims under Title VII, and a claim that fails under Title VII will also fail under the OADA. *See Hamilton v. Okla. City Univ.*, 911 F. Supp. 2d 1199, 1206 (W.D. Okla. 2012) (citation omitted).

Generally, under Title VII a plaintiff may bring a civil action only after administrative remedies have been exhausted and only against the respondent named in the claimant's EEOC charge. *Romero v. Union Pac. R.R.*, 615 F.2d 1303, 1311 (10th Cir. 1980). The Tenth Circuit has recognized certain "narrow exceptions" to the requirement that each defendant be specifically named in an EEOC charge: (1) "where the defendant was informally referred to in the body of the charge"; or (2) "where there is sufficient identity of interest between the respondent and the defendant to satisfy the intention of Title VII that the defendant have notice of the charge and the EEOC have an opportunity to attempt

conciliation." *Id*. Having reviewed the EEOC charge, it is apparent that Plaintiff did not informally reference PCI and thus cannot rely on the first exception.

Four factors drive the governing analysis regarding the second exception: (1) whether the unnamed party's role could be ascertained by the complainant through "reasonable effort" when the EEOC charge was filed; (2) whether the interests of the named and unnamed parties are "so similar … that for the purpose of obtaining voluntary conciliation and compliance it would be unnecessary to include the unnamed party in the EEOC proceedings"; (3) whether the unnamed party's absence from the EEOC proceedings resulted in actual prejudice to the unnamed party's interests; and (4) "whether the unnamed party has in some way represented to the complainant that its relationship with the complainant is to be through the named party." *Id.* at 1312. In this case, three of the four factors weigh in favor of PCI.

The first factor weighs in Plaintiff's favor. After reviewing the pleadings and EEOC charge, there is nothing to show Plaintiff knew or should have known of PCI when the EEOC charge was filed. At no point did Plaintiff refer to or incorporate PCI when submitting his EEOC charge, nor did he allude to such knowledge throughout his Complaint.[3] *See Sanders v. Allegis Grp. Co.*, No. CIV-20-1279-JD, 2022 WL 20622155 (W.D. Okla. Dec. 28, 2022) (finding the plaintiff could have ascertained the role of the

---

[3]  This court has previously used a plaintiff mentioning or alluding to an unnamed defendant in their EEOC documents as evidence that they knew or should have known of the unnamed entity. *See Sanders v. Allegis Grp. Co.*, No. CIV-20-01279-JD, 2022 WL 20622155 (W.D. Okla. Dec. 28, 2022); *Holloman v. Tulsa Gamma Ray, Inc.*, No. CIV-13-444-M, 2013 WL 4647736 (W.D. Okla. Aug. 29, 2013).

unnamed defendant because he referenced the relationship between the named and unnamed defendants in his EEOC charge). PCI argues Plaintiff knew of PCI but provides no reference to the pleadings to support this contention.

The second factor weighs in PCI's favor. Plaintiff recognizes PCI and PCIMS are separate legal entities as evidenced by the Complaint. [Doc. No. 1, at ¶¶ 2, 3]. As separate corporate entities with separate interests, PCI and PCIMS could have diverged in their approaches to Plaintiff's EEOC charge. There are numerous allegations against PCIMS regarding several instances of discrimination, however only one claim specifically names PCI. [Doc. No. 1, at ¶ 60] ("PCI, as PCIMS' contracted human resources servicer, aided and abetted PCIMS to engage in discriminatory practices."). Further, PCI and PCIMS may have had different strategies for investigating and handling the allegations. Since Plaintiff did not name PCI in the charge, PCI may not have had the opportunity to consider its approach or seek conciliation. *See Sanders*, 2022 WL 20622155, at *5 (finding separate legal entities which "may have diverged in their approaches to the plaintiff's charge and the possibility of seeking conciliation" ultimately favored the defendant).

The third factor weighs in favor of PCI. Plaintiff's failure to name PCI in the EEOC charge likely denied PCI the opportunity to respond to the charge, participate in the investigation by the EEOC, or seek conciliation of Plaintiff's claims. Consequently, PCI may have suffered prejudice from Plaintiff's failure to name it in the EEOC charge. The purpose of the exhaustion rule is to "give notice of the alleged violation to the charged party" and "give the EEOC an opportunity to conciliate the claim." *Smith v. Cheyenne Ret. Invs. L.P.*, 904 F.3d 1159, 1164 (10th Cir. 2018). Here, nothing in the record suggests that

PCI was given notice of the EEOC charge or was able to participate in the EEOC investigation.

Plaintiff does not address the fourth factor in his response, arguing that only the first three factors should be weighed in Plaintiff's favor. However, upon review of the Complaint, the Court finds no indication that PCI ever informed Plaintiff that its relationship was to be through PCIMS. Thus, the Court finds that this factor weighs against Plaintiff. *See Kohli v. McGee Eye Surgery Ctr. LLC*, No. CIV-17-542-C, 2017 WL 3392784, at *2 (W.D. Okla. Aug. 7, 2017).

After considering the factors set forth by the Tenth Circuit in *Romero*, the Court finds that Plaintiff is not entitled to an exception to the rule, and his failure to name PCI in his EEOC charge is fatal to his Title VII and OADA claims against PCI.

## II.     Inadequate Factual Allegations of Discrimination or Retaliation

Even assuming Plaintiff had exhausted his administrative remedies as against PCI, the Court finds that Plaintiff's Complaint fails to allege facts adequate to state a claim for which relief could be granted. In PCI's Motion to Dismiss [Doc. No. 10], it argues that Plaintiff has not alleged any conduct attributable to PCI specifically. Plaintiff fails to address this argument in his response. [Doc. No. 11].

Plaintiff's Complaint offers several paragraphs to support his concerns related to adverse employment action occurring during his tenure at PCIMS. However, none of these allegations provide any factual basis pertaining to PCI. Instead, the allegations pertain to PCIMS, or collectively "Defendants." In Plaintiff's Complaint, he references PCI only two times:

**3.** On information and belief, Defendant Parking Concepts Inc. (hereinafter referred to as "PCI") is a California professional corporation that provides human resource services to PCIMS.

**60.** PCI, as PCIMS' contracted human resources servicer, aided and abetted PCIMS to engage in discriminatory practices.

[Doc. No. 1, at ¶¶ 3, 60].

Plaintiff's intention may have been to rely on the collective "Defendants" language when drafting the complaint; however, even when using the term Defendants, Plaintiff must still allege facts pertaining to each individual defendant, which he fails to do. *See Robbins v. Okla.*, 519 F.3d 1242, 1259 (10th Cir. 2008) (a complaint against several defendants must "make clear exactly who is alleged to have done what to whom, to provide each individual with fair notice as to the basis of the claims against him or her, as distinguished from collective allegations.").

Here, Plaintiff lists and identifies numerous paragraphs that are attributable solely to PCIMS. Plaintiff even alleges discriminatory conduct attributable to "Defendants," then later attributes the same conduct to PCIMS alone. [Doc. No. 1 at ¶¶ 16, 25, 37]. With regard to the two times Plaintiff identifies PCI, the first is merely identifying it as a party, and the second is a legal conclusion. At no point does Plaintiff directly attribute any of the discriminatory or retaliatory conduct to PCI.

For these reasons, Plaintiff fails to provide any fact-based allegations supporting his claims against Defendant PCI. Thus, Plaintiff's claims against PCI will be dismissed under FED. R. CIV. P. 12(b)(6).

**CONCLUSION**

For the reasons explained herein, the Court finds that Plaintiff's pleading fails to state a plausible claim against PCI and that PCI is entitled to dismissal of Plaintiff's claims against it. The Court further finds that this dismissal should be without prejudice to amendment, if appropriate.[4]

**IT IS THEREFORE ORDERED** that PCI's Motion to Dismiss [Doc. No. 10] is **GRANTED**. Plaintiff's claims against PCI are **DISMISSED** without prejudice. Plaintiff may file an amended complaint within 14 days from the date of this Order.

**IT IS SO ORDERED** this 25th day of March, 2026.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge

---

[4] The Court cannot say that allowing Plaintiff an opportunity to amend would be futile. *See Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1219 (10th Cir. 2006) ("A dismissal with prejudice is appropriate where a complaint fails to state a claim under Rule 12(b)(6) and granting leave to amend would be futile."); *accord Serna v. Denver Police Dep't*, 58 F.4th 1167, 1172 (10th Cir. 2023) ("dismissal without leave to amend is appropriate if it would be futile to allow the plaintiff an opportunity to amend").

9